IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BOYSIE TAKOOR MAHABIR | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. L-09-184 |
| DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Pending is a pro se motion to return $14,685.86 in United States currency pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure[1] filed by Boysie Takoor Mahabir ("Mahabir").[2] Mahabir claims that $3,435.86 of the cash was seized by Drug Enforcement Administration ("DEA") agents in Maryland at the time of his January 1993 arrest and the remaining money was seized at his residence in Jersey City, New Jersey soon thereafter. He alleges that the currency had no connection to his arrest.[3] Notwithstanding the title Mahabir

---

[1] The Motion for Return of Property was originally filed "as is" in United States v. Mahabir, Criminal No. L-93-22 (D. Md.) at Docket No. 216 on December 22, 2008. It was instituted as this civil action under 28 U.S.C. § 1331 on January 12, 2009.

[2] Mahabir was convicted by a jury on counts of conspiracy to possess cocaine with the intent to distribute; to distribute an amount of cocaine; possession with intent to distribute cocaine; and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. On April 19, 1995, he was sentenced to a 188-month term in the U.S. Bureau of Prisons to be followed by five years of supervised release. The convictions were affirmed by the United States Court of Appeals for the Fourth Circuit. See United States v. Mahabir, 114 F.3d 1178 (4th Cir. June 4, 1997). On October 16, 2001, the undersigned denied Mahabir's 28 U.S.C. § 2255 Motion to Vacate. See Mahabir v. United States, Civil Action No. L-98-1957 (D. Md.). An appeal of that decision was denied by the Fourth Circuit. See United States v. Mahabir, 32 Fed. Appx. 76 (4th Cir. April 1, 2002).

[3] In a later pleading Mahabir claims that he was not provided notice of the forfeiture by either certified mail or publication as required under 18 U.S.C. § 983(e).

assigned to his pleading, this matter is more appropriately construed as an equitable challenge to administrative forfeiture, and will be so considered. The Government has filed a document, treated as a motion for summary judgment, arguing that the action is barred by the statute of limitations or, alternatively, that proper notice of the forfeiture was provided. The Court will GRANT the Motion, finding this case to be time-barred.

## I. Factual Background

On January 11, 1993, Mahabir was arrested after he traveled from New Jersey to LaPlata, Maryland to retrieve a tractor trailer from which 199 kilos of cocaine had been recovered after the driver, Gary Grace, had been arrested during a traffic stop. Four days later, on January 15, 1993, agents executed a search warrant at Mahabir's residence at 32 Van Houten Avenue in Jersey City, New Jersey, where they recovered $10,923.00.

On July 19, 1993, notice of the DEA's intent to forfeit the property was send by certified mail to Mahabir at 32 Van Houten Street, Jersey City, New Jersey and to the Charles County Detention Center in LaPlata, Maryland, the only known addresses for Mahabir. The notices were returned to the DEA as "Returned to Sender. Unclaimed" or "Returned to Sender" "Moved. Left No Address." Notice was also published in the <u>USA TODAY</u> once each week for three successive weeks on August 4, 11, and 18, 1993.[4] The Government states that a completed administrative forfeiture of the currency occurred as of September 10, 1993. In his responses, Mahabir states that he did not receive notice of the forfeiture at either the detention center or the New Jersey address.[5] He claims that the mailing of the forfeiture notice to the 32 Van Houten

---

[4] Docket No. 7 at Attachments.

[5] Mahabir filed similar responses to the Government's asseverations in his criminal case.

Street address was inadequate because the correct address is 32 Van Houten <u>Avenue</u> (emphasis added). Docket Nos. 8 and 11. He further asserts that as he was in custody of the Government, its officials were responsible for his movement from the Charles County Detention Center to the Federal Correctional Institution at Fort Dix; the Government was on notice of his prison location. Docket Nos. 3 and 11.

## II. Statute of Limitations

The forfeiture proceeding in this case was completed prior to the effective date of the Civil Asset Forfeiture Reform Act ("CAFRA"), and the six-year statute of limitations applicable to equitable challenges to forfeiture prior to CAFRA will be applied here.[6] <u>See</u> 28 U.S.C. § 2401(a); <u>United States v. Minor</u>, 228 F.3d 352, 359 (4th Cir. 2000). Mahabir asserts that his family filed a claim for the money taken in New Jersey with the DEA by certified mail on July 28, 1997, but received no response.[7] Docket Nos. 3 and 11; <u>see</u> also <u>United States v. Mahabir</u>, Criminal No. L-93-22 at Docket No. 227. The Government, which has waived venue over the New Jersey property, states that the DEA has been unable to locate a copy of Mahabir's alleged 1997 claim or any other evidence of its delivery to the DEA in its records.

The claim for return of the currency seized in New Jersey, allegedly filed in 1997, was

---

<u>See</u> <u>United States v. Mahabir</u>, Criminal No. L-93-22 at Docket Nos. 225 and 227.

[6] CAFRA, codified at 18 U.S.C. § 981 <u>et seq</u>., is the exclusive remedy for motions seeking to set aside a declaration of forfeiture and applies a five-year statute of limitations. <u>See</u> 18 U.S.C. §§ 983 (e)(5) and (e)(3). CAFRA took effect on August 25, 2000, and the Government argues that it applies here because the instant motion was filed after the law went into effect. The Fourth Circuit applies a six-year statute of limitations to motions for return of property. <u>See</u> <u>United States v. Winestock</u>, 43 Fed. Appx. 685, 686 (4th Cir. 2002). Under either a five-year or six-year statute of limitations analysis, Mahabir's action is untimely.

[7] Mahabir also seeks, for the first time, the return of seized social security cards, passport photographs, bank records, and phone bills belonging to him and his family. Docket No. 11.

not a properly-filed administrative claim. A litigant may attack a forfeiture if he posts a claim and cost bond within 20 days from the date of the first publication of the notice of seizure. See 19 U.S.C. § 1608; 21 C.F.R. § 1316.71-81; Nnadi v. Richter, 976 F.2d 682, 689 (11th Cir. 1992). By failing to file a claim of ownership and cost bond (or an affidavit of indigency in lieu thereof) with the DEA within 20 days of the first date of publication of the notice of seizure, Mahabir did not perfect his right to contest the forfeiture of the seized property in a judicial forum. Such a filing would have halted the administrative process and transferred the matter to the United States Attorney, who must then institute judicial forfeiture proceedings. See 19 U.S.C. § 1608. Mahabir did not file a claim within the prescribed period of time. He filed his Motion to Return Property with this Court in December of 2008, more than 15 years after the currency was forfeited. As such, this action was filed beyond the limitations period and is time-barred.

### III. Conclusion

The Court will grant the Government's Motion for Summary Judgment. The Motion for Return of Property is denied and dismissed. A separate Order follows.

Dated this 27th day of August 2010.

/s/
_____
Benson Everett Legg
United States District Judge